## FRANK T. HINES' APPEAL FROM PROBATE
### (Estate of John Joseph Kelleher, an incapable person)

Superior Court     New Haven County     File #52922

Present: Hon. EDWARD J. DALY, Judge.

Myer Schwolsky,       ·       Attorney for the Appellant.

John V. O'Brien,          Attorney for the Appellee.

## MEMORANDUM FILED DECEMBER 16, 1937.

DALY, J. This is an appeal by Frank T. Hines, Administrator of Veterans' Affairs, an interested party, in the Estate of John Joseph Kelleher, from an order and decree of the Probate Court of the District of New Haven, approving the account, dated December 2, 1935, of John V. O'Brien, Conservator of the Estate of John Joseph Kelleher, an incapable.

It is claimed that the Probate Court erred, as in said account the conservator was credited with the sum of $200.00 for two trips to Northport Hospital, where the said John Joseph Kelleher is and was. It is further claimed that the Probate Court erred in approving the account as there appeared therein the item, "Mortgages in the amount of $1,048.70", it being claimed that said mortgages were not properly described. It is also claimed that the Court erred in approving the account because the conservator was credited with $50.00, conservator's fees.

It would appear that the claim that the mortgages were not properly described in the account is of no importance, as counsel stated that cash has been placed in the account in lieu of the mortgages.

The Superior Court can only review the exercise of the discretion vested in the Court of Probate in this matter. The Superior Court can not exercise that discretion. It appears that the Probate Court exercised its discretion in allowing the charges for trips to Northport, New York, and the conservator's fee of $50.00. In view of the fact that John Joseph Kelleher is an incapable war veteran and in view of the fact that there may be some question as to the necessity for the conservator making the two trips from New Haven to Northport, I might not have come to the same conclusion as that reached by the Probate Court in allowing the credit of $200.00. However, it cannot be said that the Court of Probate did not legally and reasonably exercise its discretion. **Reilly vs. Healey, 122 Conn. 64, p. 74.** The same applies on the question of the allowance of $50.00, "Conservator's fees".

Accordingly, the appeal is dismissed, and decree and order affirmed.